UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. KOCH,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF SPOKANE, a Municipality; and SPOKANE INTERNATIONAL AIRPORT, a Municipality,<br><br>          Defendants. | NO. 2:23-CV-0164-TOR<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 13. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 13) is DENIED.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 1

# BACKGROUND

This matter relates a parking infraction Plaintiff received at the Spokane International Airport on December 30, 2022. Plaintiff contends that he should not have received the infraction when he left his car parked while getting the luggage of a neighbor that he was picking up. Plaintiff contends that the law allows him to park his vehicle momentarily and leave it unattended while picking up a passenger in the no parking area of the airport.

Defendant City of Spokane contends that it does not control the parking at the Airport and does not issue parking citations. ECF No. 14. It contends that it is not a proper party to this lawsuit. The Spokane International Airport responded that it acted lawfully, that Plaintiff has failed to meet the prerequisites for a TRO or injunction, and he will not succeed on the merits of his claims. ECF No. 16.

# DISCUSSION

I.     **TRO Standard**

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council,*

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 2

*Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks and citation omitted)).

### A. Likelihood of Success on the Merits

Plaintiff's Complaint alleges various constitutional and statutory violations. To obtain injunctive relief, Plaintiff must show that there are "serious questions going to the merits" of his claims, and that he is likely to succeed on those questions of merit. *Cottrell*, 632 F.3d at 1131; *Farris*, 677 F.3d at 865.

At this stage of the proceeding, Plaintiff has failed to demonstrate there are serious questions going to the merits of his claims, and that he is likely to succeed on those questions of merit.

### B. Irreparable Harm

A plaintiff seeking injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original) "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

The Court finds that Plaintiff has not carried his burden to demonstrate irreparable harm absent a temporary restraining order.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION ~ 4

### C. Balancing of Equities and Public Interest

"When the government is a party, these last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quotation marks and citation omitted). The Court must balance the hardships to the parties should the *status quo* be preserved against the hardships to the parties should Plaintiffs' requested relief be granted. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* (quotation omitted). "The public interest inquiry primarily addresses impact on non-parties rather than parties." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) (citation omitted). Regardless, the Court will not grant a preliminary injunction unless the public interests in favor of granting an injunction "outweigh other public interests that cut in favor of *not* issuing the injunction." *Cottrell*, 632 F.3d at 1138 (emphasis in original).

Here, the balancing of equities tips heavily in favor of continued enforcement of the parking restrictions while this case is considered by the Court.

//

//

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 5

# CONCLUSION

The Court finds that Plaintiff has failed to satisfy either the *Winter* test or the *Cottrell* sliding scale test. Therefore, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 13) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED August 11, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 6