UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. KOCH,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF SPOKANE, a municipality, and SPOKANE INTERNATIONAL AIRPORT, a municipality,<br><br>                Defendants. | NO. 2:23-CV-0164-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 42). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 42) is **DENIED**.

## BACKGROUND

This case arises out of a parking infraction Plaintiff received at the Spokane International Airport on December 30, 2022. ECF No. 43 at 1. Plaintiff parked his

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

vehicle in the "Arrivals" zone of the airport to pick up his elderly neighbor. ECF Nos. 13 at 11, ¶ 2; 42 at 3. A sign posted in the Arrivals zone read: "PICK-UP ONLY," "NO PARKING," and "DRIVER MUST STAY WITH VEHICLE." ECF No. 13 at 13. Despite these warnings, Plaintiff exited his vehicle and went inside the building to assist his neighbor with retrieving her heavy luggage from the carousel in the baggage claims area. ECF No. 43-1 at 1. When Plaintiff returned to his vehicle, he saw that he had been issued a $45 traffic ticket for violating Spokane Municipal Code (SMC) § 16A.05.430. Section 16A.05.430 dictates:

> No person shall stand or park a vehicle, whether occupied or not, except momentarily to pick up or discharge a passenger or passengers in a no-parking area at Spokane International Airport as designated by the airport.

SMC § 16A.05.430. The municipal code also authorizes the Airport to designate and place signage in no-parking, metered parking, and "other special parking and loading areas." SMC § 12.03.0602(A). Additionally, "a notice of infraction may be issued by any regular or specially commissioned law enforcement officer, including airport security personnel." SMC § 12.03.0602(B).

Plaintiff elected not to pay the ticket and instead go to municipal court to contest the infraction. ECF No. 13 at 8, 10. On February 1, 2023, Plaintiff attended the scheduled hearing. *Id.* at 9. The officer who issued the ticket did not

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

appear. ECF No. 49 at 2. Accordingly, the municipal court determined the infraction was "not committed" and dismissed the action. ECF No. 13 at 9.

Plaintiff believes his ticket was issued as "part of a scheme to defraud and target drivers for profit," ECF No. 42 at 3, and that "officers arbitrarily enforce signage" in a way that "discriminates against the handicapped, elderly, minors and others who are in need of assistance for loading [and] unloading at the airport," ECF No. 43-1 at 1. By amended complaint, he sued Defendants City of Spokane and Spokane International Airport under 42 U.S.C. § 1983 for due process violations, an equal protection violation, a Fourth Amendment violation, and gross negligence. ECF No. 33 at 5-8. The Court denied Plaintiff's earlier motion for a temporary restraining order or preliminary injunction, noting that Plaintiff had failed to demonstrate serious questions going to the merits of his claims and that he was unlikely to succeed on those questions of merit. ECF No. 21 at 4.

## DISCUSSION

Plaintiff moves for partial summary judgment. ECF No. 42. Plaintiff asks the Court to find that "[s]tate laws create liberty interests for drivers to momentar[ily] park unoccupied vehicles when picking up passengers" and that the Airport unlawfully "disallows such laws." ECF No. 42 at 5.

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

Construing Plaintiff's motion for partial summary judgment leniently, he appears to argue that Defendants have violated his procedural due process rights under the Fourteenth Amendment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotations and citation omitted). Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

A liberty interest subject to protection under the Due Process Clause may arise "from the Constitution itself . . . or . . . from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Smith v. City & Cnty. of Honolulu*, 887 F.3d 944, 952 (9th Cir. 2018) ("[S]tate laws can create liberty interests subject to protection under the Due Process Clause of the Fourteenth Amendment."). However, "not all state-created rights rise to the level of a constitutionally protected interest." *Brady v. Gebbie*, 859 F.2d 1543, 1548 n.3 (9th Cir. 1988) (citing *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978)). "In order to create a liberty interest protected by due process, the state law must contain: (1) 'substantive predicates' governing official

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

decisionmaking, and (2) 'explicitly mandatory language' specifying the outcome that must be reached if the substantive predicates have been met." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460-63 (1989)). "In order to contain the requisite 'substantive predicates,' 'the state law at issue must provide more than merely procedure, it must protect some substantive end.'" *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1156 (9th Cir. 2012); *see, e.g.*, *Faeyd v. Newsome*, 2:22-cv-01303-PA-PD, 2022 WL 3013053, at *2 (C.D. Cal. June 10, 2022) (distinguishing between a prisoner's substantive right to the writ of habeas corpus and the procedure of having an attorney appointed).

In *Marsh*, 680 F.3d 1148, the Ninth Circuit examined both required elements of the state-created liberty test. There, the plaintiff sued the County of San Diego and its Deputy District Attorney over the dissemination of her deceased child's autopsy photos to news outlets, asserting that it violated her rights under the Due Process Clause. *Id.* at 1152. The plaintiff argued that California Code of Civil Procedure § 129 established this state-created liberty interest. Section 129 provided: "[N]o copy, reproduction, or facsimile of any kind shall be made of any photograph . . . of the body . . . of a deceased person, taken . . . in the course of a post mortem examination or autopsy . . . except for use in a criminal action or proceeding in this state which relates to the death of that person, or except as a

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

1  court of this state permits." *Id.* at 1156 (quoting Cal. Civ. Pro. Code § 129).  The

2  court found the first element satisfied because the statute substantially "cabin[ed]

3  an official's discretion" by providing that copies of autopsy images could not be

4  taken except for use in criminal or related proceedings.  *Id.*  The court also found

5  the second element met as the statute contained mandatory and explicit language

6  limiting an official's discretion.  *Id.* ("[N]o copy . . . *shall* be made . . .") (emphasis

7  in original).  The Ninth Circuit also separately noted that the legislative history

8  bolstered its interpretation, as proponents of the bill indicated that the law was

9  intended to protect the privacy interests of the decedent's family members.  *Id.* at

10 1156-58.

11      The case here presents a stark contrast to *Marsh*.  While Section 16A.05.430

12 arguably authorizes drivers to "stand or park a vehicle, whether occupied or not,

13 momentarily to *pick up or discharge* a passenger . . . in a no-parking zone," the

14 plain text says nothing about whether a driver may exit his vehicle, leave the

15 vehicle unattended and stalled in a no-parking zone, and go inside the airport for

16 some unspecified amount of time to assist a passenger.  SMC § 16A.05.430

17 (emphasis added); *see also State v. Delgado*, 148 Wash.2d 723, 727 ("We cannot

18 add words or clauses to an unambiguous statute when the legislature has chosen

19 not to include that language.").  Indeed, the signage posted even indicated that

20

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 7

1  drivers needed to remain with the vehicle during loading and unloading. ECF No.
2  13 at 13.

3        Plaintiff focuses on the language "whether occupied or not" to argue that he
4  was authorized to leave his vehicle and go inside the building. However, the
5  statute must be read in its entire context; the Court will not excise certain passages
6  in order to arrive at a certain meaning. *See State v. Elgin*, 118 Wash.2d 551, 556
7  (1992) ("We interpret the statute so as to give effect to the legislative intent as
8  determined within the context of the entire statute."); *State v. Keller*, 143 Wash.2d
9  267, 278-79 (2001) ("[T]he courts must look at the entire statute and interpret the
10 provisions to give meaning to all parts of it."). The phrase "whether occupied or
11 not" is modified by the following clause, which specifies that the vehicle may only
12 be unoccupied "momentarily" for the purpose of picking up or discharging
13 passengers. As such, it is unreasonable for Plaintiff to maintain that the statute
14 permitted him to park his car in a designated no-parking area and leave his vehicle
15 unattended for the purpose of assisting a passenger from baggage claim back to the
16 car.

17       Additionally, related statutes give the Airport Board and its Director the
18 authority to designate these no-parking areas and issue notices of infraction as they
19 deem fit. SMC §§ 12.03.0602(A), (B). The language of these statutes is
20 discretionary, not mandatory. *See, e.g.*, SMC § 12.03.0602(B) ("[A] notice of

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 8

infraction *may* be issued.") (emphasis added).  Therefore, any contention that these provisions create a substantive liberty interest to temporarily abandon a car in a no-parking zone must also fail.

Some courts in the Ninth Circuit have suggested that the imposition of a fine via a parking ticket may constitute a deprivation of a constitutionally protected property interest.  *See Lacambra v. City of Orange*, 8:18-cv-00960-RGK-KES, 2019 WL 6799108 at *8 (C.D. Cal. Aug. 16, 2019).  Whether such cases are apposite here is debatable because Plaintiff's challenge is to the airport's authority to require passengers to remain with the vehicle during loading and unloading, not to whether he was deprived of his property by the imposition of a fine.  Even if that were the crux of Plaintiff's contentions, though, such deprivation ultimately did not occur, and Plaintiff was not denied any procedural protections.  As Plaintiff himself accedes, he was able to attend a hearing, present evidence, and prevail in the dismissal of the infraction.  Accordingly, "the fundamental requirement of due process"—that is, "the opportunity to be heard at a meaningful time and in a meaningful manner"—was satisfied.  *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003) (per curiam).  Because the facts and law are not reasonably in dispute and compel but one conclusion, the Court grants partial summary judgment on this issue in favor of Defendants.  Fed. R. Civ. P. 56(f)(1).

1   Plaintiff also requests in his Reply that the Court (1) "renew his prior motion for judicial notice" and (2) find that, under the principles of *stare decisis,* Plaintiff's infraction was not committed. ECF No. 50 at 7. Plaintiff's motion for judicial notice requests that the Court take "notice of the fact that [SMC] § 16A.05.430 authorizes momentary parking of unoccupied vehicles at the airport by persons picking up passengers." This is a legal argument that requires statutory interpretation, not a fact within the public record that the Court can take note of. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2020) ("Judicial notice is generally not the appropriate means to establish the legal principles governing the case.") (internal quotations and citations omitted). As to the judgment of the municipal court, the Court recognizes that the court entered a form order providing that the infraction was "not committed" and "dismissed." That recognition does not undermine the fact that Plaintiff concedes he was parked in a no-parking zone and impermissibly left his vehicle to go inside the building.

//
//
//
//
//
//

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 42) is

    **DENIED**.

2. Partial summary judgment on Plaintiff's procedural due process claim

    is granted in favor of Defendants.  Fed. R. Civ. P.

The District Court Executive is directed to enter this Order and furnish copies to the parties.  The file remains **OPEN**.

DATED March 13, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11