UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. KOCH,<br><br>                     Plaintiff,<br><br>v.<br><br>CITY OF SPOKANE, a municipality, and SPOKANE INTERNATIONAL AIRPORT, a municipality,<br><br>                     Defendants. | NO. 2:23-CV-0164-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Relief from Judgment or Order (ECF No. 54), which the Court construes as a Motion for Reconsideration. The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration (ECF No. 54) is **DENIED**.

## BACKGROUND

The Court summarized the background giving rise to this action in its Order on Plaintiff's Motion for Partial Summary Judgment. *See* ECF No. 53. In its prior

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

order, the Court denied Plaintiff's motion for partial summary judgment. The Court explained that it was construing Plaintiff's motion for partial summary judgment leniently due to his *pro se* status and that it appeared Plaintiff was arguing that Defendants had violated his procedural due process rights under the Fourteenth Amendment. *Id.* at 5.

Plaintiff now brings this Motion for Relief from Judgment or Order, arguing that the Court's prior ruling was based "on the mistaken belief that Plaintiff argues a violation of procedural due process" when in fact Plaintiff was asking the Court to undertake "a strict scrutiny analysis of Plaintiff's *substantive* claims." ECF No. 54 at 1 (emphasis in original). Plaintiff adds that "[t]he only possible 'procedural' violation stems from Plaintiff's claim of wrongful notice on signage, relevant to whether [Spokane Municipal Code] (SMC) 16A.05.430 is 'vague as applied,' because it fails to provide clear notice of the unlawful conduct or it encourages arbitrary enforcement." *Id.* at 3.

## DISCUSSION

Plaintiff styles his motion as a "Motion for Relief from Judgment or Order" under Rule 60(b). The Court construes this as a motion for reconsideration under Rule 54(b).

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or

Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. *See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

On the other hand, Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order. An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the district court possesses inherent power to reconsider and amend previous interlocutory orders, *Martin*, supra, like other motions to reconsider, this is an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources. Indeed, courts frequently apply the same

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

1  standard as that applicable to Rule 59(e) motions.  See *eTool Dev., Inc. v. Nat'l*

2  *Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

3        Plaintiff's motion for reconsideration alleges that the Court misunderstood

4  the claims in issue.  As the Court indicated by the fact that it was "construing"

5  Plaintiff's motion for partial summary judgment as seeking summary judgment on

6  his procedural due process claims, the motion was not clear as to what claims it

7  was seeking relief on.  ECF No. 53 at 5.  Indeed, the underlying motion for partial

8  summary judgment spent a significant portion of time reviewing the legal standard

9  for summary judgment and Plaintiff's interpretation of the SMC before briefly

10 requesting that the Court: (1) honor the municipal court's finding that Plaintiff did

11 not commit a traffic infraction; (2) find that "[s]tate laws create liberty interests for

12 drivers to momentary [sic] park unoccupied vehicles when picking up passengers";

13 and (3) find that the Spokane International Airport "purposely disallows such

14 laws." ECF No. 42 at 5.  The Court addressed each of these arguments in its order

15 on Plaintiff's motion.  *See* ECF No. 53 at 5-9 (addressing Plaintiff's claim that

16 state laws create a liberty interest in parking in no-park zones and that the Airport

17 disallows such laws), 10 (addressing Plaintiff's argument that the traffic court held

18 he did not commit a traffic infraction).

19       Moreover, even if it were apparent that Plaintiff was seeking summary

20 judgment on his substantive due process claims—and it was not—the same

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5

analysis would control.  Because there is no fundamental common law "liberty interest" that allows Plaintiff to park his car in a no-park zone of the airport and abandon it for some unspecified period of time to collect a passenger, substantive due process does not provide a remedy in this case.  *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) ("Our established method of substantive-due-process analysis has two primary features: First, we have regularly observed that the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition,' and 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if they were sacrificed.'") (internal citations and parentheticals omitted).  Thus, Plaintiff's motion for reconsideration necessarily fails to show that the Court committed clear error or that the initial decision was manifestly unjust.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 54) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.  The file remains **OPEN**.

DATED March 29, 2024.



THOMAS O. RICE
United States District Judge