FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 07, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. KOCH,<br><br>                  Plaintiff,<br><br>   v.<br><br>CITY OF SPOKANE, a municipality, and SPOKANE INTERNATIONAL AIRPORT, a municipality,<br><br>                  Defendants. | NO. 2:23-CV-0164-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 55). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 55) is **GRANTED**.

## BACKGROUND

The background facts of this action were summarized in the Court's previous Orders denying on Plaintiff's motion for partial summary judgment and

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

Plaintiff's motion for reconsideration.  See ECF Nos. 53; 58.

## DISCUSSION

Defendants move for summary judgment on Plaintiff's remaining Fourth Amendment, due process, equal protection and negligence claims.  ECF No. 56 at 2.  Defendants assert that Plaintiff lacks standing as to his remaining constitutional claims.  *Id.* at 4-6.  The Court agrees that Plaintiff has not satisfied the injury-in-fact prong required to confer Article III standing and therefore it must dismiss this action for lack of subject matter jurisdiction.

**I.    Standing**

Standing is a jurisdictional requirement that grows out of the separation of powers principles implicit in the Constitution.  *See* U.S. CONST. art. III, § 2 (limiting the federal judicial power to "Cases" or "Controversies"); *see also I.N.S. v. Chadha*, 462 U.S. 919, 946 (1983) ("'[S]eparation of powers was not simply an abstract generalization in the minds of the Framers: it was woven into the documents that they drafted in Philadelphia in the summer of 1787.'") (quoting *Buckley v. Valeo*, 424 U.S. 1, 124 (1976)).  Lack of Article III standing requires dismissal for want of subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To establish standing, the party invoking federal jurisdiction "must allege [1]

personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-4 (1998) ("This triad . . . constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.").

Here, Defendants allege that Plaintiff cannot meet the first prong of the test: the injury-in-fact requirement. An "'injury-in-fact' [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations removed). An injury is particularized when it "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1). For an injury to be "concrete," it "must be '*de facto*'; that is, it must exist." *Id.* at 340. Similarly, for an injury to be actual or imminent, it must either actually exist or certainly recur. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[W]e have repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that 'allegations of *possible* future injury' are not sufficient.") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 157 (1990)) (emphasis in original); *see also, e.g., City of Los Angeles v. Lyons*, 461

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

U.S. 95, 106 n.7 (1983) (Plaintiff lacked standing to obtain an injunction against the enforcement of a police chokehold policy because he could not "credibly allege that he faced a realistic threat from the future application of the City's policy.").

Here, Plaintiff submits that two injuries-in-fact are at play: (1) that he was ticketed and forced to challenge that citation in court, *see* ECF No. 43-4 at 1, and (2) that he faces a credible threat of future prosecution for violations of the Airport's no-parking rule and therefore "must prosecute this case to fruition to prevent such reoccurrences," ECF No. 59 at 4.

To the extent that Plaintiff argues that the initial ticket and process of contesting that ticket harmed him in some way, he has not satisfied the injury-in-fact or redressability prongs of standing. As the alleged injury relates to the issuance of the ticket itself, the injury is not concrete because Plaintiff prevailed in contesting that ticket before filing this lawsuit. Even if the ticket could be characterized as an injury-in-fact, a favorable decision from this Court would not redress the injury because the citation was already dismissed by the municipal court and this Court lacks jurisdiction to adjudicate parking infractions issued by Airport police. Additionally, the fact that Plaintiff incurred some costs or experienced certain inconvenience in the process of challenging the ticket is not sufficient to confer standing. *See also Fair Housing Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012) ("[S]tanding

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

must be established *independent* of the lawsuit filed by the plaintiff.") (internal quotations and citations omitted).

Finally, Plaintiff argues that "[i]t is sufficient that [he] intends to engage in a course of conduct arguably affected with a constitutional interest and that there is a credible threat that the challenged provision will be invoked against [him]." ECF No. 59 at 4 (quoting *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154-55 (9th Cir. 2000)). As discussed in this Court's Order denying Plaintiff's motion for reconsideration, ECF No. 58 at 5-6, there is no constitutional right to park in a designated no-parking zone for an unspecified period of time.[1] Moreover, Plaintiff has not established beyond mere speculation that he faces a risk of future prosecution. To the extent he relies on evidence of his past citation, he has not established that he faces any continuing, present, adverse effects from that ticket. *See LSO*, 205 F.3d at 1155 ("[E]vidence of past prosecution is not sufficient to gain standing 'if unaccompanied by any continuing, present, adverse effects.'") (internal quotations

---

[1] For the first time in this case, Plaintiff identifies a regulation that purportedly gives him the right to park for up to three minutes in a no-parking zone. However, as Defendant points out, this regulation only applies to drivers on public highways. ECF No. 61 at 4-5 (citing WAC 308-330-439).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

and citations omitted).  In other words, Plaintiff has not shown the injury is actual or imminent.  Accordingly, Plaintiff lacks standing.

II. **Dismissal**

Having dismissed Plaintiff's federal constitutional claims for lack of standing, the Court may not adjudicate Plaintiff's state law negligence claim.  *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (holding that dismissal of a federal constitutional claim for want of subject-matter jurisdiction requires the court to dismiss remaining state law claims).  As such, the Court dismisses the remaining state law claim and grants summary judgment in favor of Defendants.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 55) is **GRANTED**.  The case is **DISMISSED WITH PREJUDICE**.

2. All deadlines, pretrial conference and trial are **VACATED**.

The District Court Executive is directed to enter this Order and Judgment in favor of Defendants, furnish copies to the parties, and **CLOSE** the file.

DATED May 7, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6